Kalpana Srinivasan
State Bar No. 237460
Davida Brook
State Bar No. 275370
SUSMAN GODFREY L.L.P.
1900 Avenue Of The Stars, 14th Floor
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150
ksrinivasan@susmangodfrey.com
dbrook@susmangodfrey.com

Max L. Tribble, Jr.
State Bar No. 326851
Bryce Barcelo (*pro hac vice forthcoming*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
mtribble@susmangodfrey.com
bbarcelo@susmangodfrey.com

Tyler Finn (*pro hac vice forthcoming*)
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: (212) 336-8330
Fax: (212) 336-8340
tfinn@susmangodfrey.com

*Plaintiffs' Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| CORTEX MCP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VISA INC.<br><br>Defendant. | CASE NO. 5:23-CV-05720-EJD<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The Parties to the above-entitled action jointly submit this Joint Case Management Statement & Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1. Jurisdiction and Service:** This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. After transfer to this District, no issues exist regarding personal jurisdiction, venue, or service.

**2. Facts:** On January 26, 2023, Cortex MCP, Inc. ("Cortex") filed this action against Visa Inc. ("Visa") for infringement of United States Patent Nos. 9,251,531 ("'531 Patent"); 9,954,854 ("'854 Patent"); 10,749,859 ("'859 Patent"); and 11,329,973 ("'973 Patent") (collectively, the "Asserted Patents") in the United States District Court for the Western District of Texas, Case No. 23-cv-00048-FB (Dkt. 1). Cortex alleges, e.g., that certain Visa products, including the Visa Token Service, infringe the Asserted Patents in connection with Visa's use of tokenization technology. Cortex further alleges that Visa's infringement of the '531 patent is willful because of communications between the parties about the patent that took place in April 2016 and early 2017. Visa disputes the allegations in Cortex's First Amended Complaint (Dkt. 25) and has moved to dismiss this action in its entirety. (Dkt. 65).

Visa filed a Motion to Transfer Venue to the Northern District of California on April 7, 2023. (Dkt. No. 27). On November 3, 2023, the Court granted Visa's motion and ordered the case transferred to the Northern District of California. (Dkt. No. 55).

**3. Legal Issues**: Subject to and without waiving their respective positions and arguments, the Parties believe that some of the disputed issues the Court may need to resolve include, but are not limited to, the following:

- Whether Visa has infringed and/or is infringing, directly or indirectly, the asserted claims of the Asserted Patents, and whether that infringement has been willful;
- Whether the asserted claims of the Asserted Patents are invalid or unenforceable; and

- Whether Cortex is entitled to damages, and if so, the amount of damages to which Cortex is entitled.

**4. Motions:** On March 20, 2023, Visa moved to dismiss Cortex's claims for indirect infringement and pre-suit willful infringement (Dkt. 21). On April 10, 2023, Cortex filed the First Amended Complaint. (Dkt. 25). The Court denied Visa's pending motion to dismiss without prejudice following Cortex's filing of an amended complaint (Dkt. 26). Visa renewed the motion to dismiss on April 20, 2023 (Dkt. 29). Upon ordering the case to be transferred to the Northern District of California, the Court denied the motion to dismiss without prejudice as moot and ordered that Visa "may file a renewed motion to dismiss as to Rule 12(b)(6)." (Dkt. 55). On December 7, 2023, Visa moved to dismiss Cortex's claims for unpatentability under Section 101 and to dismiss Cortex's claims for willful and indirect infringement. (Dkt. 65).

The Parties do not currently anticipate filing any motions in this action in the near term but anticipate that they will seek entry of a protective order governing confidentiality in this case. In addition to claim construction briefing, the parties anticipate dispositive motion briefing and the potential for non-dispositive motions, such as discovery motions, as the case progresses.

**5. Amendment of Pleadings:** No additional parties are expected to be added prior to the deadline for amending the pleadings. Discovery will dictate whether any additional claims, defenses, or counterclaims are needed.

**6. Evidence Preservation**: The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to issues reasonably evident in this action.

**7. Disclosures**: The parties will exchange initial disclosures on February 22, 2024.

**8. Discovery:** Limited discovery concerning certain venue-related matters has been conducted. The parties anticipate meeting and conferring on a proposed protective order and a protocol governing the discovery of electronically stored information.

Subject to the Court's approval, the parties propose the following modifications to the presumptive limitations on discovery set forth in the Federal Rules of Civil Procedure:

1. Interrogatories: A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side. This limit does not include the disclosures required by the Patent Local Rules; however, to the extent that a party serves interrogatories that overlap with any of the subjects of the Patent Local Rules, such interrogatories will count towards this limit. The parties will work in good faith to extend the foregoing limits if it is reasonably necessary.

2. Requests for Admission: A maximum of 35 requests for admission are permitted for each side. The parties will work in good faith to extend the foregoing limits if it is reasonably necessary, as well as to develop a process for authenticating documents without the need for requests for admission.

3. Expert Depositions: Along with the submission of an expert's report, the party shall advise of the dates and times of their expert's availability for deposition before the close of expert discovery. The parties will work in good faith to adjust the limits under Federal Rule of Civil Procedure 30(d) if reasonably necessary.

4. Email Discovery: The parties intend to negotiate a stipulated order on email discovery based on this District's Model Stipulated Order Re: the Discovery of Electronically Stored Information for Patent Litigation.

The Parties will work to agree on additional reasonable discovery limits after service of initial disclosures.

**9. Class Actions**: The case is not a class action.

**10. Related Cases:** There are currently no related cases or proceedings pending before another judge of this Court, another Court, or another administrative body.

**11. Relief**

a. **Cortex's Statement:** Cortex requests at least the following relief:

- A judgment that Visa has infringed and continues to infringe the Asserted Patents;
- A judgment that Visa has induced and/or contributed to infringement and continues to induce and/or contribute to infringement of the Asserted Patents;

- An award to Cortex of damages in an amount adequate to compensate Cortex for such damages, including enhanced damages, together with pre-judgment and post-judgment interest for the infringement by Visa of the Asserted Patents through the date such judgment is entered in accordance with 35 U.S.C. § 284;
- A declaration that this case exceptional pursuant to 35 U.S.C. § 285; and
- An award to Cortex of its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court, and all other relief to which the Court finds Cortex is entitled.

b. **Visa's Statement:** Visa seeks dismissal of this action in its entirety.

**12. Settlement and ADR:** The parties believe that mediation of the case eventually may be useful, but that participating in a mediation in the near future would not be productive.

**13. Other References**: At this time, the parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**: The parties will work to narrow issues by agreement and/or motion after discovery has progressed. The parties will also seek to stipulate to facts not reasonably in dispute. At a later time, as discovery progresses, the parties will meet and confer to discuss limiting the number of asserted claims and prior art references, if appropriate. The parties will work to narrow any claim construction issues prior to the claim construction hearing.

**15. Expedited Trial Procedure**: The parties do not believe this case can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**16. Scheduling**: The Parties propose the following case management schedule:

| | |
|---|---|
| February 7, 2024 | Plaintiff's Submission of Infringement Contentions |
| February 22, 2024 | Service of Initial Disclosures |
| March 15, 2024 | Defendant's Submission of Invalidity Contentions |
| March 29, 2024 | Parties to Exchange Lists of Proposed Terms for Construction |
| April 12, 2024 | Exchange of Preliminary Claim Constructions and Extrinsic Evidence |
| April 26, 2024 | Plaintiff's Damages Contentions |
| May 7, 2024 | Joint Claim Construction and Prehearing Statement and Expert Reports |
| May 30, 2024 | Defendant's Responsive Damages Contentions |
| June 6, 2024 | Completion of Claim Construction Discovery |

| | |
|---|---|
| June 21, 2024 | Opening Claim Construction Briefs |
| July 12, 2024 | Responsive Claim Construction Briefs |
| July 19, 2024 | Reply Claim Construction Briefs |
| August 2, 2024 | Claim Construction Hearing |
| September 27, 2024 | Deadline to Complete Fact Discovery |
| October 14, 2024 | Deadline for Expert Disclosures |
| November 11, 2024 | Serve Disclosures for Rebuttal Expert Witnesses |
| December 11, 2024 | Deadline to Complete Expert Discovery |
| January 15, 2024 | Deadline to File Dispositive Motions/Motions to Strike Expert Testimony |

**17. Trial**: Cortex demands a jury trial. The parties agree that the length of trial will depend on which, and to what extent, issues are resolved during the course of litigation.

**18. Disclosure of Non-Party Interested Entities or Persons:** On January 26, 2023, Cortex filed its Corporate Disclosure Statement. (Dkt. 3). On December 29, 2023, Visa filed its Corporate Disclosure Statement.

**19. Professional Conduct:** All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. Other:** The parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive resolution of this matter.

**21. Local Patent Rule 2-1**

Local Patent Rule 2-1(b)(1) – Proposed Modifications to Patent Local Rules

The parties do not propose any modifications to the obligations set forth in the Patent Local Rules, other than to modify the timing of some events under the Patent Local Rules to adjust for holidays and other events, as set forth above in Section 16.

Local Patent Rule 2-1(b)(2) – Scope and Timing of Claim Construction Discovery

The parties propose to proceed with claim construction discovery as set forth in the Patent Local Rules, modifying the timing of some events as set forth above in Section 16.

Local Patent Rule 2-1(b)(3) – Proposed Format of Claim Construction Hearing

The parties request a hearing before the Court on any claim terms in dispute but cannot estimate the length or scope of the hearing at this time.

Local Patent Rule 2-1(b)(4) – How Parties Intend to Educate the Court on Technology

Under this Court's Standing Order for Patent Cases Section V(C), the parties request 30 minutes per side to present a tutorial to educate the Court about the technology involved in this case. This technology tutorial would take place immediately before the Claim Construction Hearing.

Local Patent Rule 2-1(b)(5) – Non-Binding, Good-Faith Estimate of Damages Range

Plaintiff Cortex: Cortex is unable to provide a good-faith estimate of damages at this time because discovery has not commenced and Cortex does not have internal data from Visa or relevant information regarding Visa's valuations and licensing practices. Cortex anticipates that it will be able to provide such an estimate and explanation prior to the submission of its damages contentions.

Defendant Visa: Visa's non-binding, good-faith estimate of damages is $0 because the Patents-In-Suit are invalid, unenforceable and not infringed.

Dated: December 29, 2023

By: *<u>/s/ Kalpana Srinivasan</u>*
Kalpana Srinivasan
State Bar No. 237460
Davida Brook
State Bar No. 275370
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, 14th Floor
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150
ksrinivasan@susmangodfrey.com
dbrook@susmangodfrey.com

Max L. Tribble, Jr.
State Bar No. 326851
Bryce Barcelo (*pro hac vice forthcoming*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
mtribble@susmangodfrey.com
bbarcelo@susmangodfrey.com

By: *<u>/s/ Lucy Yen</u>*
James C. Yoon, State Bar No. 177155
(jyoon@wsgr.com)
Catherine R. Lacey, State Bar No. 291591
(clacey@wsgr.com)
Jamie Y. Otto, State Bar No. 295099
(jotto@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Rd Palo Alto, CA 94304-1050
Tel: 650-493-9300
Fax: 650-565-5100

Lucy Yen, State Bar No. 224559
(lyen@wsgr.com)
Cassie Black (*pro hac vice forthcoming*)
(cblack@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas 40th Floor
New York, NY 10019
Tel: 212-999-5800
Fax: 866-974-7329

Tyler Finn (*pro hac vice forthcoming*)
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: (212) 336-8330
Fax: (212) 336-8340
tfinn@susmangodfrey.com

*Attorneys for Plaintiff Cortex MCP, Inc.*

*Attorneys for Defendant Visa Inc.*

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

________________________________________

Edward J. Davila
United States District Judge

**ATTESTATION**

Pursuant to Local Rule 5-1(h)(3), I hereby attest all persons whose signatures are listed here, and on whose behalf this filing is submitted, concur in this filing's content and have authorized this filing.

Dated: December 29, 2023

*/s/ Kalpana Srinivasan*
Kalpana Srinivasan