UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CORTEX MCP, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>VISA, INC.,<br><br>    Defendant. | Case No.   5:23-cv-05720-EJD<br><br>**ORDER GRANTING MOTION TO STAY; TERMINATING MOTION TO DISMISS; VACATING CLAIMS CONSTRUCTION HEARING**<br><br>Re: Dkt. No. 93 |

Plaintiff, Cortex, MCP ("Cortex"), initiated the present action against Defendant, Visa, Inc. ("Visa"), alleging infringement of U.S. Patent Nos. 9,251,531 ("'531 Patent"), 9,954,854 ("'854 Patent"), 10,749,859 ("'859 Patent"), and 11,329,973 ("'973 Patent") (collectively, "Patents-in-Suit"). Compl., ECF No. 1.

Before the Court is Visa's motion to stay pending resolution of inter partes review proceedings ("IPRs") challenging all claims of the Patents-in-Suit. Mot. to Stay, ECF No. 93. Cortex filed an opposition, and Visa filed a reply. Opp'n, ECF No. 102; Reply, ECF No. 107.

Upon careful review of the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b). For the following reasons, the Court **GRANTS** Visa's motion to stay.

I.     **BACKGROUND**

Cortex originally filed this action on January 26, 2023, in the Western District of Texas. *See* Compl. Approximately two months later, Visa filed a motion to dismiss, which was subsequently rendered moot after Cortex filed an amended complaint. First Mot. to Dismiss, ECF

1    No. 21; Am. Compl., ECF No. 25.  Visa then filed a new motion to dismiss and moved to transfer

2    the case to this District on April 20, 2023.  Second Mot. to Dismiss, ECF No. 21; Mot. to Transfer,

3    ECF No. 22.  The Western District of Texas court granted the motion to transfer on November 3,

4    2023, and terminated Visa's pending motion to dismiss, allowing Visa to refile a motion to

5    dismiss once the case was transferred to this district.  Order Granting Mot. to Transfer, Den. Mot.

6    to Dismiss, ECF No. 55.  The case was subsequently transferred, and Visa filed its renewed

7    motion to dismiss on December 7, 2023.  Case Transfer Sheet, ECF No. 56; Third Mot. to

8    Dismiss, ECF No. 65.  The Court took this motion under submission on February 22, 2024, and it

9    remains pending.  Clerk's Notice, ECF No. 84.  On January 3, 2024, the Court issued a Patent

10   Scheduling Order, which set the schedule for infringement contentions, invalidity contentions,

11   damages contentions, and claim construction briefing and evidence exchanges.  Patent Scheduling

12   Order, ECF No. 73.  On May 8, 2024, the Court set the case tutorial and claim construction

13   hearing for September 5, 2024.  Interim Case Management Order, ECF No. 90.  The Court has not

14   set any other dates.

15        On January 25 and 26, Visa filed five IPR petitions challenging all claims of the Patents-

16   in-Suit.  Mot. to Stay 5. Cortex filed preliminary responses to the IPR petitions on May 6, 2024.

17   Opp'n 3.  Visa represents that all institution decisions are expected by August 6, 2024.  *Id.*

18   **II.     LEGAL STANDARD**

19        "Courts have inherent power to manage their dockets and stay proceedings, including the

20   authority to order a stay pending conclusion of a PTO reexamination." *Microsoft Corp. v. TiVo*

21   *Inc.*, No. 10-CV-00240-LHK, 2011 WL 1748428, at *3 (N.D. Cal. May 6, 2011) (internal

22   quotation marks omitted) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir.

23   1988)).  Courts "examine three factors when determining whether to stay a patent infringement

24   case pending review or reexamination of the patents: (1) whether discovery is complete and

25   whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of

26   the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to

27   Case No.: 5:23-cv-05720-EJD
28   ORDER GRANTING MOT. TO STAY; TERMINATING MOT. TO DISMISS; VACATING
     CLAIMS CONSTRUCTION HEARING

1  the nonmoving party." *PersonalWeb, LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal.
2  2014) (citations and quotations omitted).

### III.   DISCUSSION

Upon consideration of the three relevant factors, the Court finds a stay appropriate in this case.

### A.   Stage of the Litigation

When considering the stage of the litigation, courts "examine the posture and circumstances" of the case, including "whether: (1) parties have engaged in costly expert discovery and dispositive motion practice; (2) the court has issued its claim construction order; and (3) the court has set a trial date." *PersonalWeb II*, 69 F. Supp. 3d at 1025–26.

While this litigation commenced over one year ago, this case remains in its early stages. The case transferred to this Court from the Western District of Texas in November 2023. *See* Case Transfer Sheet. The Parties have been engaging in discovery and claim construction briefing, but the motion to dismiss remains pending, the claim construction hearing is not set until September 2024, and there are no dates set for the close of fact or expert discovery, dispositive motions briefing, or trial. There is substantial work remaining before the case is ready for trial.

### B.   Simplification of the Case

Courts have found that a stay pending the PTAB's decision on whether to institute IPR petitions often promotes efficiency by avoiding the expenditure of limited judicial resources between now and when the last PTAB institution decision will be rendered. *Evolutionary Intelligence v. Yelp*, 2013 WL 6672451, at *7 (N.D. Cal. Dec. 18, 2013) (finding that the liberal policy favoring stays pending reexamination warrants a stay even if the Patent Office is still considering whether to grant a party's reexamination request); *Anza Tech., Inc. v. Toshiba Am. Elec. Components Inc.*, 2018 WL 4859167, at *2 (N.D. Cal. Sept. 28, 2018) (noting that it is not uncommon for courts to stay litigation pending reexamination prior to the PTO deciding to reexamine the patent). And if the PTAB does initiate review, a final decision could eliminate trial

Case No.: 5:23-cv-05720-EJD
ORDER GRANTING MOT. TO STAY; TERMINATING MOT. TO DISMISS; VACATING CLAIMS CONSTRUCTION HEARING

3

of an issue or facilitate trial "by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Evolutionary Intelligence*, 2013 WL 6672451, at *5.

Here, Visa challenged all claims of the Patents-in-Suit in its IPR petitions, which if instituted, will either lead to invalidated claims or insight into any remaining claims, both of which will streamline the case. Further, because the Patents-in-Suit are all in the same family, and their claims incorporate many of the same terms, institution of a single IPR petition will be informative as to all of the Patents-in-Suit.

### C. Undue Prejudice

"With respect to the third factor, [t]his district applies a four sub-factor analysis considering: (i) the timing of the reexamination request; (ii) the timing of the request for stay; (iii) the status of reexamination proceedings; and (iv) the relationship of the parties." *Palo Alto Networks, Inc. v. Packet Intelligence LLC*, No. 19-CV-02471-WHO, 2020 WL 5760475, at *2 (N.D. Cal. Sept. 28, 2020) (quotation marks omitted) (quoting *Contour IP Holding, LLC v. GoPro, Inc.*, No. 17-CV-04738-WHO, 2018 WL 6574188, at *6 (N.D. Cal. Dec. 12, 2018)). "Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay." *Id.* (quotation marks omitted) (quoting *Neodron, Ltd. v. Lenovo Grp., Ltd.*, No. 19-CV-05644-SI, 2020 WL 5074308, at *2 (N.D. Cal. Aug. 27, 2020)).

The Court finds the sub-factors weigh in favor of granting a stay.

First, Visa filed its IPR petitions almost exactly one year after Cortex filed the present case. While there were opportunities for Visa to file its IPR petitions at an earlier stage of the litigation, the Court notes that Visa still filed its IPR petitions within the one-year statutory deadline pursuant to 35 U.S.C. § 315(b). Therefore, the Court finds this factor neutral.

Second, Visa filed its motion to stay on June 4, 2024, nearly six months after filings its IPRs. The Court does not find this timing reasonable. Cortex represents that Visa intended to file

Case No.: 5:23-cv-05720-EJD
ORDER GRANTING MOT. TO STAY; TERMINATING MOT. TO DISMISS; VACATING CLAIMS CONSTRUCTION HEARING
4

a motion to stay as early as March 5, 2024, Opp'n 2, and has not presented any justification for failing to file its motion until a deadline was ordered by the Court. Therefore, the Court finds this factor weighs against issuing a stay.

Third, Visa anticipates that the Court will have institution decisions from the PTAB in August 2024. The Court finds that this timing does not prejudice Cortex. *See, e.g., Barbaro Techs., LLC v. Niantic, Inc.*, No. 18-CV-02955-RS, 2019 WL 13232979, at *3 (N.D. Cal. Apr. 24, 2019) (holding status of IPR proceeding does not significantly prejudice patentee when institution decision is expected only four months after court's grant of motion to stay); *Topia Tech., Inc. v. Dropbox Inc.*, No. 23-CV-00062-JSC, 2023 WL 3437823, at *7 (N.D. Cal. May 12, 2023) (holding potential length of stay mitigates harm when PTAB will issue institution decision approximately three months after court's decision to stay). Therefore, the Court finds this factor weighs in favor of issuing a stay.

Fourth, the Parties here are not direct competitors, which alleviates "the risk of prejudice [being] higher to the non-moving party than it would be otherwise." *Asetek Holdings, Inc. v. Cooler Master Co.*, No. 13-CV-00457-JST, 2014 WL 1350813, at *5 (N.D. Cal. Apr. 3, 2014) (citing *Interwoven, Inc. v. Vertical Computer Sys.*, No. 10–cv–4645–RS, 2012 WL 761692, at *3 (N.D. Cal. Mar. 8 2012) ("The parties' status as direct competitors also weighs against a stay because it increases the likelihood of undue prejudice.")). Rather, Visa represents that Cortex is a non-practicing entity without any products or market share related to the Patents-in-Suit, to which Cortex does not deny. Mot. to Stay 7. Further, Cortex is not seeking injunctive relief. *See* FAC. Thus, any harms potentially suffered by Cortex could be resolved in the damages award. *See Software Rights Archive, LLC v. Facebook, Inc.*, No. 12-cv-03970-RMW, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013).

Because one factor is neutral, one weighs against a stay, and two weigh in favor of a stay, the Court finds that a stay here would not cause Cortex undue prejudice.

Case No.: 5:23-cv-05720-EJD
ORDER GRANTING MOT. TO STAY; TERMINATING MOT. TO DISMISS; VACATING CLAIMS CONSTRUCTION HEARING

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Visa's motion for a stay. This case is hereby **STAYED** until the PTAB issues institution decisions.

The Parties are further **ORDERED** to file a joint status report within one week of the date of the PTAB's decision regarding Visa's petitions for IPR. Either Party may move to extend the stay upon the PTAB's decision.

Pending the stay, the Court **TERMINATES** Visa's motion to dismiss, ECF No. 96, and directs Visa to re-notice the Court to proceed when the stay is lifted. Either Party may move for leave to file supplemental briefs regarding the motion to dismiss after the stay is lifted. The Court also **VACATES** the September 5, 2024, claim construction hearing to be reset after the stay is lifted.

**IT IS SO ORDERED.**

Dated: July 22, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:23-cv-05720-EJD
ORDER GRANTING MOT. TO STAY; TERMINATING MOT. TO DISMISS; VACATING CLAIMS CONSTRUCTION HEARING

6