UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CORTEX MCP, INC., | Case No.   5:23-cv-05720-EJD |
| Plaintiff, | **ORDER GRANTING MOTION TO EXTEND STAY** |
| v. | |
| VISA, INC., | Re: Dkt. No. 129 |
| Defendant. | |

Plaintiff, Cortex, MCP ("Cortex"), initiated the present action against Defendant, Visa, Inc. ("Visa"), alleging infringement of U.S. Patent Nos. 9,251,531 ("'531 Patent"), 9,954,854 ("'854 Patent"), 10,749,859 ("'859 Patent"), and 11,329,973 ("'973 Patent") (collectively, "Patents-in-Suit"). Am. Compl., ECF No. 25.

The Court previously stayed this case pending inter partes review proceedings ("IPRs"); and Visa now moves to extend this stay pending the Federal Circuit's review of the Patent Trial and Appeal Board's ("PTAB") Final Written Decisions. Mot., ECF No. 129. Cortex filed an opposition, and Visa filed a reply. Opp'n, ECF No. 131; Reply, ECF No. 132.

Upon careful review of the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b). For the following reasons, the Court **GRANTS** Visa's motion to extend the stay.

## I.     BACKGROUND

Cortex originally filed this action on January 26, 2023, in the Western District of Texas. *See* Order Granting Mot. to Stay ("Prior Order"), ECF No. 108 (summarizing procedural background). Following contentious motions practice, the district court transferred this action to

Case No.: 5:23-cv-05720-EJD
ORDER GRANTING MOTION TO EXTEND STAY
1

the Northern District of California on November 3, 2023.  *Id.*  Visa subsequently filed a motion to dismiss with this Court, as well as five IPR petitions with the U.S. Patent and Trademark Office ("USPTO") challenging all claims of the Patents-in-Suit.  *Id.*  While its motion to dismiss was pending, Visa also filed a motion to stay pending resolution of the IPRs.  *Id.*  The Court granted Visa's request on July 22, 2024.  *Id.*

In July 2025, the PTAB issued four Final Written Decisions as to each of the Patents-in-Suit, resulting in mixed outcomes.  Joint Status Report, ECF No. 127.  Following reexamination proceedings and unsuccessful requests for Director review, all four Final Written Decisions are now subject to appeal before the Federal Circuit.

## II.    LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."  *Microsoft Corp. v. Tivo Inc.*, No. 10-CV-00240-LHK, 2011 WL 1748428, at *3 (N.D. Cal. May 6, 2011) (internal quotation marks omitted) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)).  Courts "examine three factors when determining whether to stay a patent infringement case pending review or reexamination of the patents: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party."  *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014) (citations and quotations omitted).  "Those same factors govern the question whether to extend the stay, after the PTAB has issued its decision in an IPR proceeding, pending a request for rehearing before the PTAB or an appeal to the Federal Circuit."  *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2019 WL 3943058, at *2 (D. Del. Aug. 21, 2019).

## III.    DISCUSSION

Upon consideration of the three relevant factors, the Court finds an extended stay appropriate in this case.

Case No.: 5:23-cv-05720-EJD
ORDER GRANTING MOTION TO EXTEND STAY

United States District Court
Northern District of California

### A.    Stage of the Litigation

When considering the stage of the litigation, courts "examine the posture and circumstances" of the case, including whether: (1) "parties have engaged in costly expert discovery and dispositive motion practice"; (2) "the court has issued its claim construction order"; and (3) "the court has set a trial date." *PersonalWeb*, 69 F. Supp. 3d at 1025–26.

The stage of this litigation remains as it did when the Court entered this stay. Though the parties had engaged in some discovery and claim construction briefing, a motion to dismiss remained pending, the claim construction hearing was months away, and there were no dates set for the close of fact or expert discovery, dispositive motions briefing, or trial. For the reasons stated in the Court's Prior Order, the early stage of this litigation continues to favor a stay.

### B.    Simplification of the Case

When considering the simplification of the case, the relevant question here is whether the pending appeals could materially affect the claims at issue such that proceeding now may risk duplicative or wasted effort. *See, e.g., Cellwitch Inc. v. Tile, Inc.*, No. 19-CV-01315-JSW, 2021 WL 9145413, at *2 (N.D. Cal. Oct. 8, 2021) ("A continued stay is justified while the IPR process is ongoing if 'IPR petitions and appeals from the PTAB decisions . . . could both simplify the issues in an obvious way—the PTAB or the Federal Circuit could invalidate claims that would otherwise be at issue in this action.'") (quoting *Realtime Data LLC v. Silver Peak Sys., Inc.*, No. 17-CV-02373-PJH, 2018 WL 3744223, at *2 (N.D. Cal. Aug. 7, 2018)); *Lam Rsch. Corp. v. Flamm*, No. 15-CV-01277-BLF, 2016 WL 4180412, at *2 (N.D. Cal. Aug. 8, 2016).

This action involves multiple related patents, mixed PTAB outcomes, and cross-appeals filed by both sides. As of now, the parties are actively litigating the patentability of every asserted claim before the Federal Circuit. The Circuit may overturn all or part of the four PTAB decisions, in which case the parties and the Court may have unnecessarily exerted time and resources on discovery, motions practice, and trial—only for the Circuit's decision to render that work duplicative or moot. *See MemoryWeb, LLC v. Apple, Inc.*, No. 21-cv-09839-VC, 2023 WL 8006852, at *1 (N.D. Cal. Nov. 16, 2023) (denying motion to lift stay because "appeals to the

Case No.: 5:23-cv-05720-EJD
ORDER GRANTING MOTION TO EXTEND STAY
3

Federal Circuit are still pending"); *Cellwitch*, 2021 WL 9145413, at *4 (same). Cortex's only response is that whether the Federal Circuit would in fact overturn the PTAB's decisions is speculative. But as Visa highlights, whether the ultimate outcome of appellate review can be predicted with absolute certainty is not relevant to the question of whether the proceedings could materially affect the claims or issues to be litigated. *See Cellwitch*, 2021 WL 9145413, at *2.

### C.      Undue Prejudice

"With respect to the third factor, [t]his district applies a four sub-factor analysis considering: (i) the timing of the reexamination request; (ii) the timing of the request for stay; (iii) the status of reexamination proceedings; and (iv) the relationship of the parties." *Palo Alto Networks, Inc. v. Packet Intel. LLC*, No. 19-CV-02471-WHO, 2020 WL 5760475, at *2 (N.D. Cal. Sept. 28, 2020) (quotation marks omitted) (quoting *Contour IP Holding, LLC v. GoPro, Inc.*, No. 17-CV-04738-WHO, 2018 WL 6574188, at *6 (N.D. Cal. Dec. 12, 2018)). "Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay." *Id.* (quotation marks omitted) (quoting *Neodron, Ltd. v. Lenovo Grp., Ltd.*, No. 19-CV-05644-SI, 2020 WL 5074308, at *2 (N.D. Cal. Aug. 27, 2020)).

Some facts from the Court's Prior Order remain true today—Visa filed its IPR petitions against all asserted claims of the Patents-in-Suit within the one-year statutory time limit under 35 U.S.C. § 315(b); and the parties are still not direct competitors because Cortex is a non-practicing entity, which alleviates "the risk of prejudice [being] higher to the non-moving party than it would be otherwise." *Asetek Holdings, Inc. v. Cooler Master Co.*, No. 13-CV-00457-JST, 2014 WL 1350813, at *5 (N.D. Cal. Apr. 3, 2014) (citing *Interwoven, Inc. v. Vertical Computer Sys., Inc.*, No. C 10-04645 RS, 2012 WL 761692, at *3 (N.D. Cal. Mar. 8, 2012) ("The parties' status as direct competitors also weighs against a stay because it increases the likelihood of undue prejudice.")).

The two remaining factors that implicate new facts are the timing of Visa's request to extend the stay and the status of reexamination proceedings. The Court finds both factors favor an

Case No.: 5:23-cv-05720-EJD
ORDER GRANTING MOTION TO EXTEND STAY

United States District Court
Northern District of California

extended stay. After the PTAB issued Final Written Decisions, the parties agreed the stay should remain in place at least pending the parties' decisions whether to appeal. *See* ECF No. 122. In both the August and November 2025 Joint Status Reports, Visa informed the Court that it intended to seek an extension of the stay pending resolution of anticipated Federal Circuit appeals. *See* ECF Nos. 122, 127. Visa subsequently filed its Notice of Appeal for the '854 Patent on September 23, 2025; Cortex filed its Notices of Appeal for the remaining three patents on December 12, 2025; and Visa filed its cross-appeals on December 23, 2025. Visa then submitted this motion on January 6, 2025, pursuant to Court order. Under these circumstances, the timing of Visa's request for an extended stay has caused no undue prejudice to Cortex and the active status of the Federal Circuit proceedings favors extending the stay. In response, Cortex only advances the general proposition that the status of the appeals weighs against a stay because there is no way to know when the Federal Circuit will render its decision, and an indefinite extension of the stay would impair its ability to enforce its patent rights; but the general interest in timely enforcement, standing alone, does not constitute undue prejudice sufficient to defeat a stay. *Neodron*, 2020 WL 5074308, at *2 ("Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay.") (quoting *PersonalWeb*, 69 F.Supp.3d at 1029); *see also Asetek Holdings*, 2014 WL 1350813, at *4 ("Delay alone does not usually constitute undue prejudice. . . ."); *see also IOENGINE*, 2019 WL 3943058, at *5–6, *10–13 ("However, that factor [interest in the prompt enforcement of its patent rights] is present in every case in which a patentee resists a stay, and it is therefore insufficient, standing alone, to defeat a stay motion.").

## IV.    CONCLUSION

Based on the foregoing, the Court **GRANTS** Visa's motion to extend the stay pending appellate review of the Final Written Decisions. This case is hereby **STAYED** until the Federal Circuit issues its rulings as to all four Final Written Decisions.

The parties are further **ORDERED** to file a joint status report within one week of the date of the Federal Circuit's final decision.

Case No.: 5:23-cv-05720-EJD
ORDER GRANTING MOTION TO EXTEND STAY
5

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: February 19, 2026

EDWARD J. DAVILA
United States District Judge